**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERONICA BECERRA, an individual; WILLIAMS HERRERA LUIS, an individual; VANESSA CASTRO, an individual; AURORA HOLGUIN, an individual; ALMA LANDEROS, an individual; ADALBERTO HERNANDEZ, an individual; and ELEUTERIA SOSA MENDOZA, an individual, on their own behalf and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>THE McCLATCHY COMPANY, a Delaware Corporation, d/b/a The Fresno Bee; McCLATHCY NEWSPAPERS INC., a Delaware corporation, d/b/a The Fresno Bee; and DOES 1 through 50, inclusive,<br><br>          Defendants. | 1:09-CV-00125-OWW-SMS<br><br>MEMORANDUM DECISION RE PLAINTIFFS' MOTION TO REMAND (DOC. 11) |

### I. INTRODUCTION

Before the court is Plaintiffs' motion to remand this action to state court on the ground of lack of subject matter jurisdiction.

### II. BACKGROUND

Plaintiffs filed this purported class action lawsuit against Defendants The McClathcy Company and McClatchy Newspapers Inc. ("Defendants"), both doing business as "The Fresno Bee," in the Superior Court of the State of California, County of Fresno, on December 19, 2008. On January 20, 2009, Defendants filed a notice

1

of removal pursuant to 28 U.S.C. § 1441(b) and (c). In their removal papers, Defendants asserted that the Employee Retirement Income Security Act ("ERISA") provided the basis for removal.

Plaintiffs are or were at-will newspaper carriers for Defendants' newspaper known as "The Fresno Bee." (Compl. ¶ 11.) Plaintiffs generally work at Defendants' distribution facility located in Fresno County. (*Id.* at ¶¶ 12-13.) Plaintiffs' duties include "assembling inserts, sections, pre-prints, samples, bags, and supplements." (*Id.* at ¶ 12.) Plaintiffs also deliver the newspapers once they are assembled. (*Id.* at ¶ 15.) Defendants control the number of newspapers available to Plaintiffs and instruct Plaintiffs on how and when to deliver the newspapers. (*Id.* at ¶¶ 13, 16.) Plaintiffs allege that they are Defendants' employees, rather than independent contractors. (*Id.* at ¶ 17.)

Plaintiffs' complaint contains eight claims. Claims one through seven assert violations of various provisions of the California Labor Code. Plaintiffs assert statutory claims for failure to pay minimum or overtime wages, failure to provide meal or rest periods, failure to reimburse for reasonable business expenses, unlawful wage deductions, failure to provide itemized wage statements, and failure to keep accurate payroll records. The eighth claim is for an alleged violation of California's Unfair Business Practices law. Plaintiffs seek to recover "unpaid regular and overtime wages, unpaid rest break and meal period compensation, reimbursement of all illegal deductions made from their wages, payment of all wages earned, reimbursement of expenses and losses incurred by them in discharging their duties, [and] payment of [the] minimum wage to all employees who failed to receive [the]

minimum wage for all hours worked in each payroll period . . . ." (*Id.* at ¶ 3.)

### III. STANDARD OF DECISION

**A. Removal To Federal Court Generally**

Removal is proper if, had the action been filed in federal court, the federal district court could have exercised subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal courts construe removal statutes strictly to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Jurisdiction must be determined from the face of the complaint, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), and it must be clear from the face of the complaint under the well-pleaded complaint rule that federal subject matter jurisdiction exists. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989) (per curiam).

"The burden of establishing federal jurisdiction is upon the party seeking removal . . . ." *Emrich v. Touche Ross & Co.*, 846 f.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). A district court may remand a removed case if at any time it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

**B. Removal To Federal Court Based On ERISA Preemption**

Consistent with the well-pleaded complaint rule, a complaint asserting only state law claims typically does not provide a basis for removal, even if there is a federal defense, absent diversity

of citizenship and the requisite amount in controversy. There is, however, a well-recognized exception to this rule:

> A federal defense to a state-law claim does not confer jurisdiction on a federal court. Thus, a plaintiff may generally avoid federal jurisdiction through artful pleading of solely state-law claims. An exception to this general proposition exists, however. If federal law completely preempts a plaintiff's state-law claim, that plaintiff may not escape federal jurisdiction no matter how careful his or her pleading. In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002) (footnote and internal quotation marks omitted). ERISA can completely preempt state law claims and thus provide a basis for removal. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 215 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987).

There are two "strands" of ERISA preemption. *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005). "First ERISA section 514(a) expressly preempts all state laws 'insofar as they may now or hereafter relate to any employee benefit plan[,]' but state 'law[s] . . . which regulat[e] insurance, banking, or securities' are saved from this preemption." *Id*. "Second, ERISA section 502(a) contains a comprehensive scheme of civil remedies to enforce ERISA's provisions. A state cause of action that would fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme, even if those causes of action would not necessarily be preempted by section 514(a)." *Id*.

Only when a state law claim is preempted under this "second" strand of ERISA preemption is the claim considered "completely"

4

preempted by federal law, federal in character and capable of creating federal jurisdiction:

> The mere fact that ERISA preemption under § 1144(a) [*i.e.*, under the first strand] may be raised as a defense, or is in actuality a defense, does not confer jurisdiction or authorize removal. Accordingly, even if the district court found that the Complaint contained a state law claim that 'relates to' an ERISA plan, and is thus preempted by § 1144(a), the complaint is not removable to the federal court unless it is also encompassed within ERISA's civil enforcement scheme.

*Toumajian v. Frailey*, 135 F.4d 648, 654 (9th Cir. 1998) (internal citation omitted); *see also Davila*, 542 U.S. at 221 ("We hold that respondents' causes of action, brought to remedy only the denial of benefits under ERISA-regulated benefit plans, fall within the scope of, and are completely pre-empted by, ERISA § 502(a)(1)(B), and thus removable to federal district court.").

In pertinent part, ERISA's civil enforcement scheme provides a participant or beneficiary with a right "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Under the "second" strand of ERISA preemption, a state law claim comes within the scope of ERISA's civil enforcement scheme when, despite its state law label, the claim is one to recover or remedy the denial of ERISA benefits. *See Cleghorn*, 408 F.3d at 1225.

### IV. DISCUSSION AND ANALYSIS

**A. Removal In This Case**

Plaintiffs contend that this case should be remanded to state court because no federal claims are brought against Defendants. (Doc. 11 at 2-3.) Nevertheless, a suit purporting to raise only

5

state law claims may be preempted by ERISA and provide a basis for removal. Defendants argue that the second strand of ERISA preemption applies. Defendants contend that Plaintiffs "implicitly invoked" ERISA's civil enforcement scheme "when they expressed an intention to recover employee benefits from Defendants." (Doc. 14 at 4.) Defendants refer to a single statement in Plaintiffs' complaint under the prayer for damages, which reads:

> Plaintiffs reserve their right to any and all benefits to which they may be entitled to under law upon a finding of employment status . . . .

(Doc. 2 at 26.) Defendants argue that this reservation of rights is tantamount to asserting a claim for the recovery of benefits under an ERISA plan. (Doc. 14 at 4-5.) This argument lacks merit. ERISA preemption under the second strand is analyzed in terms of the underlying nature of the actual claims brought against the defendant and whether those claims seek ERISA benefits, or seek to enforce an ERISA right, under the disguise of a state law claim.

For example, in *Felton v. Unisource Corporation*, 940 F.2d 503, 507 (9th Cir. 1991), the complaint alleged a state law wrongful termination claim and a state law claim for handicap discrimination. On its face, the complaint did not state an ERISA claim. *Id.* However, while being deposed, the plaintiff admitted that the "claims arose out of [his employer's] desire to avoid medical insurance payments to him" under an ERISA plan. *Id.* The deposition testimony revealed the "basis for the claims in the complaint is that [the employer] discharged [the plaintiff] because it desired to avoid medical insurance payments to him." *Id*. The court determined that even though the complaint did not state an ERISA cause of action on its face, the "deposition testimony

explained the factual basis for the complaint and made it apparent that the action falls into the complete preemption area of ERISA" because, in actuality, the plaintiff sought enforcement of an ERISA right. *Id.* at 507-08; *see also Cleghorn*, 408 F.3d at 1225 ("When [the plaintiff] sought benefits under the plan and did not receive them, he did not pursue his ERISA remedy but instead brought the present state-law claims. These are precisely the kind of claims that . . . [are] held to be pre-empted.").

Here, while Defendants *argue* that Plaintiffs seek ERISA benefits, nothing in the complaint, removal papers or otherwise affirmatively *shows* that Plaintiffs currently seek, or will in the future seek, recovery of ERISA benefits or to enforce an ERISA right. Rather, Plaintiffs' complaint, which alleges they are "employees" not "independent contractors" under state law, asserts statutory violations of the California Labor and California Business and Professions Codes and seeks only non-ERISA remedies, *e.g.*, payment for overtime wages owed; meal and rest periods that were not provided; reasonable business expenses they incurred; and unlawful wage deductions made by Defendants. No federal employment benefit is identified in the complaint, and the conclusory term "benefits" is undefined. The mere reservation of a *future* right to seek "benefits," which may never be invoked, is not the functional equivalent of asserting a *present* claim for ERISA benefits which would provide the basis for federal subject matter jurisdiction. *Cf. United Pac. Ins. Co. v. U.S. Dep't of Interior*, 70 F. Supp. 2d 1089, 1096 (C.D. Cal. 1999) ("[M]ere reservation of a right to file a claim does not constitute actual filing."); *Juno Online Serv. v. Juno Lighting*, 979 F. Supp. 684, 691 (N.D. Ill 1997) (concluding

that the mere reservation of a right to use a trademark is not the same thing as the actual use of a trademark). At oral argument on the motion, Plaintiffs' counsel judicially admitted, on the record, that the Plaintiffs in this action are not seeking ERISA benefits.[1] Defendants have not met their burden of establishing federal jurisdiction.

Plaintiffs' motion to remand is GRANTED.

B.  Attorney's Fees And Costs

Plaintiffs seek attorney's fees and costs, in the amount of $4,256.25, pursuant to 28 U.S.C. § 1447(c). This statute provides in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal . . . .

"[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (applying *Martin*'s reasonableness standard). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. "[W]hether removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007) (citing *Martin*, 546 U.S. at 137).

---

[1] Plaintiffs' counsel agreed, on the record, that her statement could be deemed a judicial admission.

Plaintiffs advance three reasons why Defendants' removal was not objectively reasonable: (1) Defendants admitted that the complaint contained only state law claims; (2) Defendants have employed this "tactic" in a previous case, *i.e.*, Defendants have removed an action to federal court based on ERISA preemption, but the action was later remanded back to state court; and (3) Defendants imposed "unjust conditions for signing a stipulation to remand[,]" *i.e.*, Defendants agreed to remand if Plaintiffs removed the "offending" clause which reserved Plaintiffs' rights to benefits. (Doc. 11 at 11.) According to Plaintiffs, the Defendants' conduct demonstrates that Defendants sought to "delay these proceedings and to extract unfair concessions from Plaintiffs."

Plaintiffs' arguments are unpersuasive. First, it is immaterial that Defendants admitted that the complaint contained only state law claims because such a complaint may nevertheless be completely preempted by ERISA and removable to federal court. Second, even assuming Defendants sought removal in another case and raised a similar argument in another district court, raising their argument again in this court is not *per se* unreasonable because no decision from the United States Supreme Court or the Ninth Circuit has clearly precluded Defendants' position. Finally, the alleged subjective motives of Defendants, *e.g.*, to delay the proceedings, is not dispositive. Instead, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin*, 546 U.S. at 141. The inquiry is whether it was objectively reasonable for Defendants to remove this action to federal court on the basis of ERISA preemption. *See Martin*, 546 U.S. at 141.

In *Lussier*, 518 F.3d at 1064, plaintiffs sought attorney's fees under 28 U.S.C. § 1447(c) in connection with a remand. In seeking removal, the defendant presented issues of first impression regarding removal under a newly enacted statute. *Id.* The plaintiffs contended that because the defendant's argument was without legal merit the plaintiffs were entitled to attorney's fees. *Id.* at 1065. The court rejected the plaintiffs' argument stating that although the defendant's arguments "were losers," "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Id.* The court determined that it was objectively reasonable for the defendant to make its arguments in seeking removal because the defendant "sought removal under a new statute whose meaning had not yet been fleshed out." *Id.* at 1066. The court determined that "the test is whether the relevant case law *clearly foreclosed* the defendant's basis of removal." *Id* (emphasis added). Since only one case, from another circuit, dealt with the issue in *Lussier*, the court determined that the defendant was objectively reasonable in making its arguments.

Here, Defendants argued that, in the complaint, the reservation of rights to future benefits, which Plaintiffs have not redacted, was sufficient to invoke federal preemption under ERISA. While Defendants' argument is a "loser," it is not "clearly foreclosed" by relevant case law. Accordingly, it was not sufficiently unreasonable for Defendants to attempt removal to award attorney's fees. Plaintiffs' motion for attorney's fees and costs is DENIED.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**. As to attorney's fees and costs, Plaintiffs' motion is **DENIED**.

Plaintiff is directed to submit a proposed order to remand this case to the Fresno County Superior Court.

IT IS SO ORDERED.

**Dated: May 26, 2009**          /s/ Oliver W. Wanger
                                 UNITED STATES DISTRICT JUDGE